UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-24718-CIV-MORENO

DOUGLAS LONGHINI,

    Plaintiff,

vs.

NIMA PLAZA, LLC, ARONA CORP., ROYAL
ARCADE CORP., PARAISO TROPICAL
PIZZERIA RESTAURANTE Y HELADERIA
LLC, and CHIU EXPRESS INC.,

    Defendants.
_____/

## **ORDER GRANTING DEFENDANT ARONA CORP.'S MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. 26)**, filed on **April 19, 2018**.

THE COURT has considered the motion, the response and reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

Plaintiff, an individual with a qualified disability, requests an order from this Court directing Defendant Arona Corporation to make its restroom available to Plaintiff to "inspect any and all barriers to access that were concealed by virtue of the barriers' presence." D.E. 1 ¶ 34. Defendant Arona Corporation moves to dismiss, arguing that barriers unknown at the time of filing the complaint cannot serve as a basis for a claim. The Complaint alleges that Arona denied Plaintiff access to its restroom because of his disability. However, courts within this district have held that a plaintiff must have actual knowledge of purported violations of the Americans with Disabilities Act at the time a complaint is filed. *Michael Howard Caplan v. Alfred Joseph Baurley and Kenneth Mathias Baurley, as trustees of the Alfred Joseph Baurley, Jr. trust agreement*, Case No. 0:17-cv-61590-RNS (S.D. Fla. Feb. 17, 2016) (Scola, J.) (D.E. 15); *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1366 (S.D. Fla. 2001) (Moore, J.);

*Fox v. Morris Jupiter Assoc.'s*, Case No. 05-80689, 2007 WL 2819522, at *6 (S.D. Fla. Sept. 25, 2007) (citing *Access Now, Inc.*, 161 F. Supp. 2d at 1365); *Barberi v. Tara Chand, et. al.*, Case No. 17-21393, D.E. 14 (June 28, 2017) (Gayles, J.) (noting that the plaintiff "may not base his claims on unknown or undiscovered violations"). Indeed, this Court has also stricken a complaint—serendipitously with this same Plaintiff—that alleged "unspecified purported violations that Longhini was not aware of when he filed the complaint." *Longhini v. Pollo Operations, Inc.*, Case No. 17-23480-CIV, 2017 WL 5507565, at *1 (S.D. Fla. Nov. 17, 2017). Plaintiff cites to a case from the Northern District of Georgia holding that a plaintiff has standing to challenge all of the architectural barriers that may render a property inaccessible to him, even barriers of which he did not have knowledge at the time the complaint was filed. *Gaylor v. DDR Se. Abernathy, LLC*, No. 1:12-CV-4343-TWT, 2013 WL 6051029, at *1 (N.D. Ga. Nov. 15, 2013). However, that court acknowledged that even other courts within the Northern District of Georgia follow the rule that a plaintiff must have actual knowledge of alleged violations of the Americans with Disabilities at the time a complaint is filed. *Id.* (citations omitted).

This Court finds persuasive the cases from within this district holding that a plaintiff may only pursue relief for those architectural barriers of which he has actual knowledge at the time the complaint is filed. Accordingly, the Court grants Defendant Arona Corporation's motion to dismiss those portions of the Complaint that seek redress for violations of the Americans with Disabilities Act that were unknown or undiscovered at the time the Complaint was filed. However, this ruling does not preclude Plaintiff from later amending the Complaint, as permitted by the Federal Rules of Civil Procedure, to include violations discovered since the filing of the Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of June 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record